IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

APRIL ESTRADA, as Personal Representative
of the Estate of JOSE ROMAN ESTRADA, and
as Next Friend of D.E., J.E., and D.E., Minors,

      Plaintiff,

v.                                                                                            CV 14-58 WJ/WPL

OFFICER ERIC COOK, OFFICER ERICK
GUERRA, OFFICER RICHARD GARCIA,
Individually and in Their Official Capacities,
THE CITY OF LAS CRUCES, and THE CITY
OF LAS CRUCES POLICE DEPARTMENT,

      Defendants.

**ORDER STAYING DISCOVERY**

April Estrada brought claims for civil rights violations resulting in the wrongful death of Jose Ramon Estrada and other injuries under 42 U.S.C. § 1983 and state tort law claims against the City of Las Cruces and three of its police officers. (Doc. 1.) The claims all arise out of an incident on July 2, 2013, when officers responded to reports of a man threatening neighbors with an air rifle. (*Id.*) The Defendants have filed a motion for summary judgment on the basis of qualified immunity and request that I stay discovery pending a ruling on their motion. (Doc. 14.) Estrada requested, and was granted, an extension to respond to the motion (*see* Doc. 20), but has not filed a response.[1]

It is well settled that a qualified immunity defense "protects the official both from liability as well as from the ordinary burdens of litigation, including far-ranging discovery."

---

[1] Estrada did, however, respond to the Defendants' Motion for Summary Judgment and filed a Federal Rule of Civil Procedure 56(d) affidavit requesting discovery. (Docs. 21, 22.)

*Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). The Supreme Court has repeatedly emphasized the important of resolving the issue of qualified immunity early on in the litigation. *Scott v. Harris*, 550 U.S. 372, 376 (2007) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). The Court later clarified that the defense of qualified immunity does not create immunity from all discovery, but only from "broad-reaching discovery," and it recognized that "limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." *Crawford-El v. Britton*, 523 U.S. 574, 594 n.14 (1998).

Whether an officer is entitled to qualified immunity turns on whether his conduct violated clearly established statutory or constitutionals rights of which a reasonable officer would have been aware. *Harlow*, 457 U.S. at 818; *see also Plumhoff v. Rickard*, --- U.S. ---, 134 S. Ct. 2012, 2023 (2014) (reaffirming that officials acting in discretionary capacities are generally entitled to qualified immunity unless their conduct violates clearly established law). Therefore, qualified immunity depends on the objective reasonableness of the officer's conduct. *Harlow*, 457 U.S. at 818. The reasonableness of an officer's use of force is measured "from the perspective of a reasonable officer on the scene." *Graham v. Connor*, 490 U.S. 386, 396-97 (1989); *see also Phillips v James*, 422 F.3d 1075, 1080 (10th Cir. 2004) (quoting *Graham*).

The law on the use of lethal force clearly establishes that officers may use such force when confronted with an armed or potentially armed suspect. *See, e.g.*, *Thompson v. Salt Lake Cty.*, 584 F.3d 1304 (10th Cir. 2009) (holding that officers were entitled to qualified immunity after fatally shooting a suicidal suspect shortly after the suspect pointed a gun toward officers, despite the fact that suspect may have been aiming the gun at himself when he was shot); *Phillips*, 422 F.3d 1075 (holding that shooting a suspect after he declared that he had a "clean

shot" on officers was objectively reasonable). "It is well established that the use of 'deadly force is justified . . . if a reasonable officer in the [d]efendant's position would have had probable cause to believe that there was a threat of serious physical harm to themselves or to others.'" *Samuel v. City of Broken Arrow, Okla.*, 506 F. App'x 751, 753 (10th Cir. 2012) (unpublished) (quoting *Walker v. City of Orem*, 451 F.3d 1139, 1159 (10th Cir. 2006)).

Defendants have provided the Court with numerous affidavits and exhibits that document much of what transpired when this incident occurred and established a *prima facie* argument for qualified immunity. (Doc. 14 Ex. 1-19.) Estrada submitted several unsworn statements with her Rule 56(d) affidavit and asked the Court for leave to depose eighteen individuals. (Doc. 22.) She does not explain why she could not obtain affidavits from the non-party individuals listed, rather than taking their depositions.[2]

It appears that Estrada has ample information to challenge the pertinent factual issues. Estrada does not explain how her requests for "limited discovery" in the Rule 56(d) affidavit are designed specifically to rebut Defendant's qualified immunity argument, and she failed to respond to the Motion to Stay Discovery. Therefore, Defendants' motion to stay (Doc. 16) is granted and Estrada's request for additional discovery must be denied.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

---

[2] The Rule 56(d) affidavit responds to the Defendants' Motion for Summary Judgment. The presiding judge will determine if additional discovery is necessary for Estrada to respond to that motion.
 A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket