**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

APRIL ESTRADA, as Personal Representative
of the Estate of JOSE RAMON ESTRADA, and
as Next Friend of D.E., J.E., and D.E., Minors,

       Plaintiff,

v.                                                                    CV 14-58 WJ/WPL

OFFICER ERIC COOK, OFFICER ERICK
GUERRA, OFFICER RICHARD GARCIA,
Individually and in Their Official Capacities,
THE CITY OF LAS CRUCES, and THE CITY
OF LAS CRUCES POLICE DEPARTMENT,

       Defendants.


**ORDER**

    This matter comes before the Court on Plaintiff April Estrada's Federal Rule of Civil Procedure 56(d) Affidavit and Response (Docs. 21-22), requesting limited discovery to oppose the Defendants' Motion for Qualified Immunity and Summary Judgment (Doc. 14). The Defendants filed a reply. (Doc. 24.) While the Motion for Qualified Immunity and Summary Judgment is a matter for the presiding judge, I will address the Rule 56(d) request for additional discovery. Estrada requests additional discovery to rebut the claim of qualified immunity, as the Defendants' motion rests on those grounds. Having read and considered the briefing, case record, and relevant law, I grant in part and deny in part Estrada's request for additional discovery.

    Qualified immunity is "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis omitted). Once a government-official defendant raises qualified immunity, "[it] is applicable unless the official's conduct violated a

clearly established constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The Supreme Court announced a two-prong test that plaintiffs must meet to survive summary judgment on the basis of qualified immunity: first, a plaintiff must allege facts that "make out a violation of a constitutional right," and second, a plaintiff must show that the right was "clearly established at the time of [the] defendant's alleged misconduct." *Id.* (quotation marks and citations omitted). Whether a right was clearly established turns on "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Thomas v. Durastanti*, 607 F.3d 655, 669 (10th Cir. 2010). A district court may analyze these two prongs in whichever order it sees fit. *Pearson*, 555 U.S. at 236.

This is an excessive force and delay of medical treatment case. The constitutional rights allegedly violated by the individual defendants are the Fourth Amendment right to be free from excessive or unreasonable force, the Eight Amendment right to free from cruel and unusual punishment, and the Fourteenth Amendment right, under the Due Process Clause, to have a municipality render medical assistance to a person injured by the police. (Docs. 14, 21.) For Estrada to overcome the qualified immunity hurdle, she would have to show that the rights were, in fact, violated, and that reasonable officers would have known the complained of conduct clearly violated these rights. *See Pearson*, 555 U.S. at 232; *Thomas*, 607 F.3d at 669.

The issue of qualified immunity should be resolved at the "earliest possible stage of litigation" to protect public officials from the "broad-ranging discovery" that qualified immunity is designed to limit. *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987) (quotation and citations omitted). However, qualified immunity does not create immunity from all discovery: "[L]imited discovery may sometimes be necessary before the district court can resolve a motion

for summary judgment based on qualified immunity." *Crawford-El v. Britton*, 523 U.S. 574, 594 n.14 (1998).

Rule 56(d) allows for such limited discovery in the face of a motion for summary judgment. Courts treat liberally the question of whether to grant a Rule 56(d) application under the principle that summary judgment should be denied where the nonmoving party has not had the opportunity to discover facts at the heart of his or her opposition and where the application is not "dilatory or lacking in merit." *See Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (quoting omitted); *Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000). More specifically, such narrow discovery is permissible when the claim—here, qualified immunity—turns wholly or in part on a determinative factual question regarding which the court requires more facts to answer. *See Herrera v. Santa Fe Pub. Sch.*, No. CIV 11-0422 JB/KBM, 2012 WL 6846393, at *6 (D. N.M. Dec. 20, 2012); *Todd v. Montoya*, No. CIV 10-0106 JB/KBM, 2011 WL 5238900, at *5 (D. N.M. Oct. 4, 2011); *see also Garrett v. Stratman*, 254 F.3d 946, 953 (10th Cir. 2001). However, where the defense of qualified immunity is involved, the court must exercise its discretion to ensure that the discovery requested does not impinge the protections from discovery provided by the qualified immunity defense. *Lewis v. City of Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990).

A Rule 56(d) affidavit must "explain why facts precluding summary judgment cannot be presented," including an identification of probable facts that are not available and the steps taken to obtain those facts. *Campbell*, 962 F.2d at 1522. Furthermore, the party seeking additional discovery under Rule 56(d) must explain "how additional time will enable [her] to rebut [the] movant's allegations of no genuine issue of fact." *Id.* (quotation omitted).

3

While sparsely citing case law, Estrada's Rule 56(d) response and her attorney's affidavit request leave to depose eighteen individuals, including the individual defendants, to establish three purported facts: (1) the responding officers knew that the decedent was armed with a BB gun; (2) the responding officers knew that the decedent was not holding the BB gun when they decided to shoot him; and (3) the responding officers did not provide timely medical assistance to the decedent, which would have saved his life after he was wrongfully shot. (Doc. 21 at 3-4.)

Estrada fails to explain why she sought no discovery before the order staying discovery was entered. (Docs. 12, 23.) Further, since the City of Las Cruces and Officers Cook, Guerra, and Garcia admit in their motion that they had knowledge that Jose Estrada may armed with a BB gun (Doc. 14 at UF 3, 5, 6, 8, 21), discovery from Officer Guerra, Officer Garcia, Raul Caneda, Vicky Medrano, Adriana Ludwig, Charlene Brumbaugh, Officer Estrada, and Tina Coussons concerning the gun does not address an issue of material fact and must be denied.

Estrada requests leave to take the deposition of the examiner from the New Mexico Office of the Medical Investigator who performed the autopsy in this case.[1] The affidavit does not explain what otherwise undiscoverable facts Estrada believes would be discovered by such a deposition, as required by *Campbell*, and therefore this request is denied. 962 F.2d at 1522.

Also, Estrada requests leave to depose defendant Officer Eric Cook. Although Estrada claims Officer Cook has offered "wildly inconsistent statement[s]" about the shooting, she provides no support for that claim. (Doc. 22 at 3.) In addition to failing to state with specificity the facts that Estrada believes would arise from this deposition, allowing this deposition to go forward would defeat the purpose of qualified immunity by subjecting Officer Cook to the

---

[1] While Estrada requests leave, apparently, to depose "the Office" of the Medical Investigator, I construe this request as seeking the deposition of the individual who performed the autopsy.

burdens of litigation. Because Estrada has failed to state the facts that she believes would be discovered and the reasons that they are currently unavailable, this request is denied.

It appears that further discovery may be necessary on whether Jose Estrada was holding a gun when he was shot, and whether he received prompt medical assistance from the police officers. Estrada has not explained why this information cannot be presented by affidavit. Therefore, Estrada may submit affidavits from Bryan Enriquez, Destiny Maier, Roddie Chavarria, Cecilia Talamentes, Destiny Estrada, Adreina Talamentes, Juan Alvarez, and Delilah Estrada to address these issues.

Estrada shall have until **January 26, 2015**, to submit affidavits. Estrada must respond to the Motion for Qualified Immunity and Summary Judgment (Doc. 14) by **February 12, 2015**. The Defendants have until **March 1, 2015**, to reply. No additional extensions will be granted.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.